# SUPREME COURT — APPELLATE DIVISION — FIRST DEPARTMENT.

## July 11, 1918.

## THE PEOPLE v. JOHN J. RODGERS.*

(184 App. Div. 461.)

(1.) ATTEMPT TO COMMIT ROBBERY IN FIRST DEGREE AS SECOND OFFENSE—DEFENSE—FORMER JEOPARDY—RES JUDICATA—EVIDENCE—UNSUBSTANTIAL ERROR IN EXCLUDING EVIDENCE—INSTRUCTIONS TO JURY.

Where two indictments were found against a defendant, one charging him with the crime of robbery in the first degree as a second offense, and the second with an attempt to commit robbery in the first degree as a second offense on another person, and he was acquitted on a trial of the first indictment, his plea of former jeopardy upon a subsequent trial on the second indictment was not good for he could not under the first indictment have been convicted of the crime charged in the second indictment.

(2.) FORMER JEOPARDY.

If the former judgment of acquittal under the first indictment established the fact that the defendant was not present on the occasion in question, the failure to make a claim of *res judicata* until after the trial of the second indictment had proceeded to verdict was tantamount to a consent that the jury should reinvestigate the facts and from them find as they might deem proper. The point is not available upon appeal because it was not raised upon the trial or involved in any of the rulings.

(3.) RES ADJUDICATA.

*Res judicata* is a rule of evidence which holds that a fact which has once been adjudged or determined by a court of competent jurisdiction must be accepted by the same parties as true in every other court.

(4.) EVIDENCE.

As the district attorney in opening the case to the jury stated that the police officers had " searched high and low " for the defendant for

* See 36 N. Y. Crim. 316.

fifteen days before they succeeded in arresting him, giving the impression that the defendant had been in hiding during said period, it was error to refuse to allow the defendant to prove by other police officers that during said period he had been seen by a number of policemen frequenting his usual haunts. But the error does not justify a reversal of the judgment in view of the requirement of the Code of Criminal Procedure respecting unsubstantial errors.

(5.) SAME—UNSUBSTANTIAL ERROR IN EXCLUDING EVIDENCE.
A statement by the court that one of the witnesses called in support of the evidence of alibi, a young woman to whom the defendant was engaged to be married, had begun her acquaintance with him at a dance hall, whereas the testimony was that she had met him at a dance, was not prejudicial, for the defendant testified that he had confided to the young woman the fact that he had a criminal record, and that notwithstanding this, she continued to associate with him.

APPEAL by the defendant, John J. Rodgers, from a judgment of the Supreme Court, rendered against him on the 13th day of December, 1917, convicting him of the crime of robbery in the first degree as a second offense.

W. Bourke Cockran of counsel (John B. Johnston with him on the brief), for the appellant.

Robert S. Johnstone of counsel (Robert D. Petty, George F. Turner and Felix C. Benvenga with him on the brief; Edward Swann, District Attorney), for the respondent.

SHEARN, J.:

The defendant has appealed from a judgment of conviction of the crime of an attempt to commit the crime of robbery in the first degree as a second offense .

On the night of January 27, 1917, at about eleven o'clock, Alexander and Samuel Gelber, proprietors of a grocery store at 1644 Second avenue, New York city, were arranging their merchandise preparatory to closing for the night. They were suddenly commanded to throw up their hands and give up their

money, by two men holding revolvers. The Gelbers were alone when the two intruders entered the store. One of the two intruders, identified as the defendant, held two revolvers. Angered by some delay in complying with the demand for money, or for some other reason, the defendant, according to the testimony introduced by the People, fired two shots at Samuel Gelber, one of which took effect in the abdomen. At the same time the other intruder forcibly took money and checks from the pocket of Alexander Gelber, and tried to take a ring from his finger. Defendant then struck Alexander Gelber over the head with a blackjack, and the confederate then pulled the ring from his finger, and the confederate then opened the money drawer and took some money from it. At this point a customer entered the store, whereupon the robbers departed. Sixteen days later the defendant was apprehended. Two indictments were found against the defendant, one charging him with the crime of rob-bery in the first degree as a second offense on the person of Alexander Gelber, and the second with an attempt to commit robbery in the first degree as a second offense on the person of Samuel Gelber. Defendant was duly brought on for trial on the first indictment charging him with robbery in the first degree as a second offense on the person of Alexander Gelber. The jury disagreed and defendant was again brought to trial on the same indictment. Upon the second trial the jury rendered a verdict of not guilty. Thereafter the defendant was tried on the indictment charging him with an attempt to commit the crime of robbery in the first degree as a second offense upon the person of Samuel Gelber. The jury disagreed. Defendant was again brought to trial on the second indictment and this trial resulted in the judgment of conviction appealed from.

The defendant, upon the trial under review, pleaded former jeopardy, based upon the fact that he had been tried for rob-bery committed on Alexander Gelber and acquitted. This contention is not very seriously pressed upon this appeal, and it

seems quite plain that the plea was not good. The Constitution (Art. 1, § 6) provides: "No person shall be subject to be twice put in jeopardy for the same offense." The Code of Criminal Procedure (§ 9) provides that "No person can be subjected to a second prosecution for a crime for which he has once been prosecuted, and duly convicted or acquitted." The fundamental inquiry is whether the offenses are identical in law and in fact. (Burton v. United States, 202 U. S. 344, 380, 381.) If the defendant, under the former indictment upon which he was acquitted, could have been convicted of the offense charged in the second indictment, he has been in jeopardy and could not be again prosecuted therefor. If he could not have been convicted of that crime, he has not been in jeopardy therefor. Assuming that two crimes were committed at the same time and in one general transaction, they were committed on different persons. The defendant could not, under the former indictment for robbery in the first degree as a second offense upon the person of Alexander Gelber, have been convicted of the crime of attempting to commit the crime of robbery in the first degree as a second offense upon the person of Samuel Gelber. He had, therefore, been in no prior jeopardy for the crime committed upon Samuel Gelber.

After the trial had been concluded and a verdict rendered, counsel for the defendant moved to set aside the verdict upon the usual grounds and " also on the ground of former jeopardy." This motion was denied. A fortnight thereafter defendant's counsel moved for an arrest of judgment " upon the ground that the defendant has pleaded former jeopardy and upon all the grounds I stated to your Honor at the outset." The grounds stated " at the outset " were general grounds relating to exceptions taken upon the trial. Upon the argument of this motion the learned counsel now representing the appellant brought forward for the first time the claim of res judicata, saying: " In addition to the grounds stated by Mr. Hartman the point I

want to impress upon the Court with great urgency is that the material facts on which the prosecution relies for the acquittal of this defendant on the former trial is *res judicata."* The contention is that the evidence was substantially the same on the trial resulting in acquittal of the charge of crime upon the person of Alexander Gelber; that the fundamental issue upon the former trial was defendant's presence on the occasion in question; that on that issue evidence was introduced by the People to establish defendant's presence and by the defendant to meet this claim and establish an alibi; that the jury's verdict of not guilty necessarily established this issue in favor of the defendant; that by virtue of this finding of the jury the fact has once been determined between these parties that defendant was not present on the occasion in question; and that this fact is *res judicata* and necessarily leads to an acquittal upon the second indictment which is of course based upon the fact of defendant's presence at the time and place involved in the first indictment. The point is a very interesting one and has been urged with great earnestness and ability. Without entering upon a discussion of the validity of this contention, it is sufficient to state that the point, even if it were a good one, is not presented in the record before us. *Res judicata* is a rule of evidence which holds that a fact which has once been adjudged or determined by a court of competent judisdiction must be accepted by the same parties as true in every other court. If the former judgment of acquittal established the fact that defendant was not present on the occasion in question, the judgment roll and the minutes of the trial should have been introduced in evidence and the minutes might be referred to for the purpose of showing the scope of the issues determined. Nothing of the kind was done and the point was not raised until after the verdict. The failure to take the point until after the case had proceeded to verdict was tantamount to a consent that the jury should reinvesigate the facts and from them find as they might deem proper.  A

motion in arrest of judgment goes only to the face of the indictment, and a motion for a new trial is statutory and can only be based on statutory grounds. There was no evidence before the court and there is no legal evidence in this record to show that the testimony was the same upon the two trials. But even if it be assumed that the testimony was substantially identical upon both trials, the point is not available upon appeal because it was not raised upon the trial or involved in any of the rulings made upon the trial.

But even if the point were properly before the court, and if it appeared that the testimony was the same upon both trials, it would not necessarily follow at all that the verdict of the jury upon the former trial imported or established as a fact that defendant was not present upon the occasion in question. The evidence to establish an alibi was far from convincing, all of it being given by a small group who were interested in the defendant and who accounted for the defendant's presence up to half past eleven o'clock on the night in question. If these interested witnesses were mistaken by only one hour or strained the facts in defendant's favor by only one hour, the entire evidence was shattered. The jury upon the former trial may have entirely rejected the evidence of alibi and, influenced by the charges against the police witnesses, or the verity of defendant's identification by the Gelbers, or for some other reason, have concluded that the defendant's guilt was not established to their satisfaction beyond a reasonable doubt. Although the prosecution was obliged to prove that the defendant was present in order to obtain a conviction, it is quite evident to my mind that a verdict of not guilty is far from necessarily importing a finding of fact that the defendant was not present. The jury may have been entirely dissatisfied with defendant's evidence to support his alibi and still of the opinion that the prosecution had not established every element of its case to the jury's satisfaction beyond a reasonable doubt. However, it is unnecessary

to pursue the matter further, or to discuss other points relied upon by the district attorney, for the reason that the point relied upon by the defendant is not properly before the court.

It is urged that error was committed in the exclusion of certain testimony. In opening the case to the jury the assistant district attorney stated that the police officers assigned to the case had "searched high and low" for defendant for fifteen days, before they succeeded in arresting him. It is claimed, and I think fairly, that the impression given to the jury by this statement, which was followed up by testimony, was that the defendant has been hiding during the fifteen days. Defendant sought to prove by other police officers that during the fifteen day the defendant had been seen by a number of policemen frequenting his usual haunts, but the evidence was ruled out. The ruling was in my opinion erroneous, but the error is not one that either requires or would justify reversing this judgment, for the defendant's guilt is too clearly established to warrant the court, in view of the requirement of the Code of Criminal Procedure (§ 542) respecting unsubstantial errors, to set aside this verdict.

It is also contended, but in my judgment without foundation, that the court's charge to the jury was not fair. This is based largely upon the court's stating that one of the witnesses called in support of the evidence of alibi, a young woman to whom the defendant was engaged to be married, had begun her acquaintance with the defendant at a dance hall, whereas the testimony merely was that she had met him at a dance. It is said that this was a reflection upon the young woman and the worth of her testimony. In making this claim, counsel loses sight of the fact that the defendant testified that he had confided to the young woman the fact that he had a criminal record and, notwithstanding, the young woman continued to associate with him and became engaged to marry him. Under these circumstances it can hardly be said that this inadvertent,

slip made by the learned trial justice, which defendant's counsel did not call to his attention or ask to have corrected, exerted any influence upon the jury's verdict.

No other errors are urged which require consideration.

The judgment should be affirmed.

DOWLING, SMITH, PAGE and MERRILL, JJ., concurred.

Judgment affirmed.