Miles F. McDonald, J.
The defendant was indicted on February 6,1964 for the crime of unlawfully operating and driving a motor vehicle upon a public highway while in an intoxicated condition, as a felony. The indictment charges that on or about December 9,1963, in the County of Kings, he unlawfully operated and drove a certain motor vehicle on Graham Avenue and Varet Street while in an intoxicated condition.
It appears that, at the time and place charged in the indictment, the defendant was also charged with driving without a license in violation of article 19 (§ 501, subd. 4, par. a) of the Vehicle and Traffic Law. A summons was issued returnable in the Criminal Court of the City of New York, Brooklyn Traffic Division. A violation of the provisions of article 19 of the Vehicle and Traffic Law is a misdemeanor. The defendant thereafter entered a plea of ‘ ‘ Hot guilty ’ ’ to said charge of driving *964 without a license and appeared for trial on January 30, 1964 and was found “ not guilty ” after a trial. Subsequent to said acquittal the defendant was indicted as aforesaid.
The defendant now moves to dismiss the indictment by reason of the acquittal in the Criminal Court of the ’City of New York and claims that to place the defendant on trial on the indictment would constitute double jeopardy in violation of his constitutional rights, both Federal and State. As authority for such contention the defendant cites Matter of Martinis v. Supreme Ct. (20 A D 2d 79). The defendant further urges that, if the court should determine adversely to him on the issue of double jeopardy, under the rule of collateral estoppel the instant prosecution should be barred.
The first question to be determined is whether or not the acquittal on the charge of 1‘ driving without a license ’ ’ constitutes former jeopardy barring the prosecution of the indictment.
While a person may not be placed in jeopardy twice for the same offense (People v. Silverman, 281 N. Y. 457), it does not follow that a person may not be convicted of several crimes arising out of the same incident. If the crimes are separate and distinct as a matter of law, a defendant may be convicted of each, although the facts may be closely related (People v. Fennell, 10 A D 2d 78; People ex rel. Moskoff v. Weinstock, 21 Misc 2d 14; People ex rel. Kwiatkowski v. Trenkle, 169 Misc. 687; People ex rel. Maurer v. Jackson, 2 N Y 2d 259).
A single act may be an offense against two statutes and if each statute requires proof of an additional fact which the other does not, an acquittal or. conviction under either statute does not exempt the defendant from prosecution and punishment under the other (People v. Roderman, 34 Misc 2d 497; Morey v. Commonwealth, 108 Mass. 433, 444).
The crimes charged in the prosecution in the Criminal Court and in this court are distinct as a matter of law (People v. Skarczewski, 178 Mise. 160, affd. 287 N. Y. 826). The gravamen of the charge of driving while intoxicated would be the intoxication whereas the gravamen of the charge of driving without an operator’s license would be the failure to have a legal license. The proof necessary to establish the defendant’s guilt would be different in each case. While it is true that the operation of the automobile is one of the evidentiary facts which would be required to be proved on each charge, a conviction on either one could not .rest on this fact alone. In the prosecution in the Criminal Court, in addition thereto, the People would be required to establish that the defendant was an unlicensed operator and in the prosecution on the indictment the prosecu *965 tian would have to establish that the defendant was also intoxicated.
The District Attorney does not deny that the accusation made by the present indictment is based upon the same transaction involved in the former prosecution in the Criminal Court. Since only issues of law are involved, they are determinable by the court (People v. Smith, 172 N. Y. 210, 226; People ex rel. Rammerer v. Brophy, 255 App. Div. 821, affd. 280 N. Y. 618).
The holdings in Martinis (20 A D 2d 79, supra) can be distinguished from the facts in this case. In Martinis the court held that a person who has been tried and acquitted upon an information charging him with the misdemeanor of recldess driving (Vehicle and Traffic Law, § 1190), and driving while intoxicated and leaving the scene of an accident (Vehicle and Traffic Law, § 600), cannot constitutionally be subjected to the double jeopardy of a trial for the same occurrence. In Martinis the defendant was acquitted on these charges in the Criminal Court and thereafter indicted and charged with the felony of operating a motor vehicle in a reckless or culpably negligent manner whereby a human being was killed (Penal Law, § 1053-a) and with assault in the third degree consisting of operating a vehicle in a culpably negligent manner whereby a person suffered bodily injury (Penal Law, § 244). The court held that to try the defendant on the felony indictment would subject bim to double punishment because all of the evidence which would be necessary to convict the defendant under the indictment was admissible on the trial of the information charging bim with reckless driving of which he was acquitted. The court held that the standard of proof required to prove a violation of section 1190 of the Vehicle and Traffic Law, and the standard required to prove a violation of that portion of section 1053-a of the Penal Law are the same. Applying the test laid down in People v. Silverman (281 N. Y. 457, supra), the court held that both reckless driving and criminal negligence in the operation of a motor vehicle require as an essential element that the driver be operating the vehicle in a manner evincing a reckless disregard for the consequences or a reckless disregard for the safety of others using the public highways. To permit a trial and indictment would necessarily be a retrial of charges of reckless driving, which must be found to exist as a condition precedent to liability under section 1053-a of the Penal Law. This would constitute double jeopardy. The facts in this case are entirely different. While it is true that the charge of which the defendant was acquitted and the crime charged in the indictment arose out of the same incident, they are separate and distinct as a matter of *966 law (People v. Skarczewski, 178 Misc. 160, affd. 287 N. Y. 826, supra).
This court finds that the crime charged in the prosecution in the Criminal Court and the crime charged on the instant indictment are separate and distinct as a matter of law because the offenses are not the same within the meaning of the Constitution nor is the act charged in each prosecution the same within the intendment of the provisions of section 1938 of the Penal Law. The test is not whether the defendant has already been tried for the same act but whether he has been put in jeopardy for the same offense (Morey v. Commonwealth, 108 Mass. 433, supra; People v. Skarczewski, supra). Thus, to place the defendant on trial on the above indictment would not constitute double jeopardy and the motion to dismiss the indictment on that ground is denied.
However, the defendant’s contention that the prosecution on the present indictment is barred because of the rule of collateral estoppel has merit. In addition to the question of double jeopardy, the rules of res judicata must be considered, as they apply to criminal cases just the same as in civil cases, and if one essential point has been finally adjudicated in one trial in favor of the defendant, that question is adjudicated and determined as to all proceedings between the parties. Thus, if the defendant is later prosecuted for another offense arising out of the same incident where it is necessary, in order to convict the defendant, to establish and prove that particular fact against him, the defendant cannot be convicted again but the case must be dismissed although the matter involves the trial on a different offense.
Thus, we now come to the more complexing problem as to whether or not the rule of law known as “ collateral estoppel ” is a bar to the prosecution of the instant indictment which would require its dismissal. There is a distinction between former jeopardy and res judicata, although the application of these principles is sometimes confusing. There can be no question but that the principle of “ collateral estoppel ” has been accepted by our courts in both criminal and civil cases. (People v. Roderman, 34 Misc 2d 497, supra; People v. Rodgers, 184 App. Div. 461, affd. 226 N. Y. 671; People v. De Sisto, 27 Misc 2d 217; People ex rel. Kwiatkowski v. Trenkle, 169 Misc. 687, supra; People v. Lo Cicero, 17 A D 2d 31.) A clear and concise statement as to the meaning of this principle of law may be found in Lo Cicero (supra, p. 34): “ The essence of the rule of collateral estoppel is that a question once tried out should not be relitigated between the same parties or their privies (Hinchey v. Sellers, *967 7 N Y 2d 287). It is really the rule of res judicata applied to criminal cases (see Abbate v. United States, 359 U. S. 187, 200, supra; Hoag v. New Jersey, 356 U. S. 464, 471). The difference is that res judicata applies to questions that were or might have been litigated, whereas collateral estoppel applies only to questions that were actually litigated (Restatement, Judgments, § 68), primarily because the ‘ causes of action ’ in different prosecutions are different.”
To invoke the principle of collateral estoppel there must exist a final judgment rendered upon the merits by a court of competent jurisdiction (Israel v. Wood Poison Co., 1 N Y 2d 116, 118) in a prior action between the parties, upon a matter within its jurisdiction, and directly determining a question or fact ‘ ‘ distinctly put in issue ’ ’ and not merely collaterally in question. However, the District Attorney argues that the acquittal in the Criminal Court was not an adjudication on the merits but an acquittal for failure of proof. The District Attorney in his brief states that the court below was required to acquit the defendant inasmuch as there was no additional proof of the commission of the crime charged in addition to the alleged confession as required by section 395 of the Code of Criminal Procedure. There is no merit to this contention.
The defendant by his plea of “ not guilty” to the charge against him in the Criminal Court denied his guilt and every material issue raised by the prosecution. By such plea he raised the issue concerning his operation of the automobile at the time and place in question. There can be no doubt that such issue was litigated and determined in his favor by the Criminal Court of the City of New York and may not be relitigated on the trial of this indictment. (People v. Lo Cicero, 17 A D 2d 31, supra.)
That the People’s contention that the dismissal was not on the merits has no basis in law is further evidenced by the statement of the court in People v. Goldfarb (152 App. Div. 870, 874, affd. 213 N. Y. 664): “ The People were at liberty to rest on such evidence as they saw fit to offer, and the defendant was under no obligation to offer any evidence. The fact, therefore, that only one witness was sworn is of no importance. I am of opinion that it is the well-settled rule that where a person is arraigned on a criminal charge, and required to go to trial before a court of competent jurisdiction, unless the trial is terminated by the disagreement of the jury, or their discharge pursuant to law, or by the consent of the accused, or through extreme or absolute necessity, as by illness or death, he has *968 been $ut in jeopardy and cannot be prosecuted again in the same or another court on the same charge ”.
The court is now called upon to determine what questions were litigated in the prosecution in the Criminal Court in order to determine whether this defendant can avail himself of the collateral estoppel rule. The answer to this must be found in the record. (United States v. De Angelo, 138 F. 2d 466; People v. Rodgers, 184 App. Div. 461, affd. 226 N. Y. 671, supra.) If the record discloses that the acquittal was on the ground that the defendant was not driving the automobile in question, such determination would be binding in a subsequent prosecution. (People v. Lo Cicero, supra.) On the other hand, if it cannot definitely be determined on what ground the acquittal was based, the doctrine of collateral estoppel would not be applicable. However, it must be borne in mind that although a judgment in a former criminal prosecution may be res judicata with respect to specific facts or issues determined therein, it will not bar a subsequent prosecution unless the facts or issues so determined are necessarily decisive in the second prosecution and a conviction could not possibly be had therein without contradicting the former determination of such facts or issues (Woodman v. United States, 30 F. 2d 482, cert. den. 279 U. S. 855; United States v. Carlisi, 32 F. Supp. 479; United States v. Halbrook, 36 F. Supp. 345).
The trial minutes, consisting of two pages of testimony, reveal the following:
‘‘ DIRECT EXAMINATION BY THE COURT :
“ Q. On December 9th, 1963, did you observe the defendant operate a motor vehicle on Graham Avenue and Varet in the County of Kings? A. No, I did not.
“ Q. What did you give him a summons for? A. In response to a radio call at Graham and Varet. There was an accident involved. I met a complainant and he stated • — ■
“ Q. (interrupting). Don’t tell us what he told you. A. There was an accident involved and I asked the defendant was he driving the car. He admitted to me he was driving the car. He failed to produce his license so I gave him a summons.”
“ CROSS EXAMINATION BY DEFENDANT’S COUNSEL:
‘ ‘ Q. Officer, when you arrived at that location, the defendant was not in the car, was he ? A. No, he was not.
“ Q. As a matter of fact, didn’t he tell you that someone had intended to purchase the car and he borrowed it earlier in the evening? A. No, he didn’t tell me; no.
*969 “ Q. You didn’t observe him driving? A. No, I did not.
“ the court (to the witness): Was he there at the scene?
“ the witness: Yes, sir.
“ the court: Do you have the complainant here?
“ the witness: No, sir; he was arrested on another charge.
“ the court: People’s case.
“ defendant’s counsel : Respectfully move the charge be dismissed on the ground the People failed to prove a prima facie case and failed to show the defendant was guilty of the crime.
“ the court : Motion denied.
“ defendant’s counsel: Defendant rests.
“ the court: There is a reasonable doubt in the court’s mind. Defendant found, not guilty.”
The record clearly establishes that the question of whether or not the defendant was operating an automobile was distinctly put in issue and was determined by the trial court and cannot be relitigated. While it is true, as heretofore stated, that double jeopardy does not attach in this case, nevertheless the rule of collateral estoppel would be a bar to the prosecution.
There can be no doubt but that the acquittal in this case upon the charge of driving without a license constituted an adjudication of an issue of fact as to whether or not the defendant was operating an automobile at the time and place charged. This prior adjudication belies the fact essential to establish the defendant’s guilt of the crime charged on the instant indictment and thus precludes conviction thereof (Sealfon v. United States, 332 U. S. 575, 579-580). While the gravamen of the crime charged in the instant indictment is the intoxication, a conviction could not be based on that fact alone. In addition thereto, the People will be required to establish that the defendant was operating an automobile while so intoxicated. The law would not permit the People to supply this missing link without which the prosecution must fall. Accordingly, this court is constrained to apply the rule of “ collateral estoppel ” which bars the prosecution of this indictment. The indictment is therefore dismissed.
The court is acutely aware of the fact that its determination results in a patent miscarriage of justice but is powerless to reach a contrary determination. It is hoped that this determination may compel a greater awareness on the part of law enforcement agencies of the compelling need to co-ordinate their activities so that issues determined in relatively minor cases, in which the People may or may not be represented by the District Attorney, may not prevent prosecution of more serious crimes in other courts.