Albert Orenstein, J.
Defendant moves for dismissal of the fourth count of the indictment charging her with assault in the second degree as to one Lynn Cromar on the grounds that a retrial of this case would put the defendant twice in jeopardy for the same offense; further that the doctrine of collateral estoppel as applied to this case would preclude a conviction of the defendant of this offense.
The defendant was indicted by the Grand Jury of Onondaga County and accused of the following crimes:
First count: criminally negligent homicide in violation of section 125.10 of the Penal Law in that she negligently caused the death of Stephen Cromar.
Second count: criminally negligent homicide in violation of section 125.1P of the Penal Law in that she negligently caused the death of Janet Cromar.
Third count: assault in the second degree in violation of section 120.05 (subd. 4) of the Penal Law in that she recklessly caused serious physical injury to Ralph Cromar by means of a dangerous instrument, to wit, a 1964 automobile.
*534 Fourth count: assault in the second degree in violation of section 120.05 (subd. 4) of the Penal Law in that she recklessly caused serious physical injury to Lynn Cromar by means of a dangerous instrument, to wit, a 1964 automobile.
The charges set forth in the indictment arose out of an automobile collision that occurred on August 1, 1970 in the Town of Onondaga.
The defendant was tried before this court and a jury on January 12, 1972 and on January 21, 1972 the jury returned a verdict of not guilty as to the third count of the indictment which charged the defendant with assault in the second degree (Penal Law, § 120.05, subd. 4) as to the victim Ralph Cromar. However, the jury was unable to reach a verdict as to the two counts of criminally negligent homicide and the fourth count of the indictment which charged assault in the second degree (Penal Law, § 120.05, subd 4) as to the victim, Lynn Cromar.
The questions to be determined by this decision can oe summarized as follows:
First: Does the acquittal on the charge of assault in the second degree (Penal Law, § 120.05, subd. 4) (third count of the indictment) constitute former jeopardy barring the prosecution of the defendant under the fourth count of the indictment involving Lynn Cromar.
Second: Is the prosecution of the defendant under the fourth count of the indictment barred because of the rule of collateral estoppel.
CPL 210.20 (subd. 1, par. [e]) reads as follows:
“ 1. After arraignment upon an indictment, the superior court may, upon motion of the defendant, dismiss such indictment or any count thereof upon the ground that: * * *
“ (e) The prosecution is barred by reason of a previous prosecution, pursuant to section 40.20”.
CPL 40.20 (subd. 2, par. [a]) provides as follows:
“ 2. A person may not be separately prosecuted for two offenses based upon the same act or criminal transaction unless:
“ (a) The offenses as defined have substantially different elements and the acts establishing one offense are in the main clearly distinguishable from those establishing the other ’ ’.
According to Paperno and Goldstein’s Criminal Procedure in New York (Rev. ed., Part I) at pages 385-386:
“ The tests to be applied in determining whether offenses are identical have been stated to be: ‘ (a) "Whether the offenses *535 are the same m fact and in law, (b) whether they are of the same legal character, (c) whether the same evidence will support both charges, ’ People v. Spitzer, 148 Misc. 96”.
Applying these tests,, this court is of the opinion that the evidence necessary to prove all of the elements of assault in the second degree (Penal Law, § 120.05, subd. 4) as charged in the third count of the indictment involving Ralph Cromar and assault in the second degree (Penal Law, § 120.05, subd. 4) involving Lynn Cromar, as charged in the fourth count, are not identical in law and fact. The evidence required to establish serious physical injury as to Ralph Cromar obviously differs from the evidence required to establish serious physical injury as to Lynn Cromar. (People v. Rodgers, 184 App. Div. 461, affd. 226 N. Y. 671.)
The court, therefore, finds that to place the defendant on trial on the fourth count of the indictment does not constitute double jeopardy in violation of her constitutional rights, both Federal and State.
Furthermore, CPL 40.20 (subd. 2, par. LeJ) provides that:
“ 2. A person may not be separately prosecuted for two offenses based upon the same act or criminal transaction unless: * * * I
“ (e) Each offense involves death, injury, loss or other consequence to a different victim”.
The Practice Commentary under this section (McKinney’s Cons. Laws of N. Y., Book 11A, Criminal Procedure Law, p. 108) recites the following:
“ Paragraph (e) is exemplified by five deaths resulting from an automobile accident caused by criminal negligence of D. The doctrine of double jeopardy does not preclude five separate prosecutions of D for criminally negligent homicide.”
Thus, we now come to the more complexing question as to whether or not the “ collateral estoppel doctrine ” is a bar to the prosecution of the fourth count of the indictment involved herein.
The offense charged in the third and fourth counts of the indictment, assault in the second degree, is defined as follows:
‘ ‘ A person is guilty of Assault in the Second Degree when: * * *
11 (4) He recklessly causes serious physical injury to another . person by means of a deadly weapon or a dangerous instrument ”. (Penal Law, § 120.05, subd. 4.)
Concededly, the dangerous instrument in this case is a motor vehicle, as defined in section 10.00 (subds. 13, 14) of the Penal Law.
*536 The definition of assault in the second degree (Penal Law, § 120.05, -subd. 4) clearly requires that the People have the burden of establishing the guilt of the defendant of both elements of this offense “ recklessness ” and “ serious physical injury” beyond a reasonable doubt.
In support of this motion, the defendant asserts that in her opinion the evidence in the first trial clearly established that the victim, Ralph Cromar, suffered serious physical injury. She concludes that the logical inference to be drawn therefrom is that the failure to prove recklessness was the sole basis for the verdict of acquittal of the defendant of assault in the second degree (Penal Law, § 120.05, subd. 4) as charged in the third count of the indictment.
It follows, she argues, that the doctrine of collateral estoppel precludes a second trial on this essential element (recklessness) and the fourth count of the indictment should, therefore, now be dismissed.
The court in People v. Lo Cicero (17 A D 2d 31, 34) stated that:
“ The essence of the rule of collateral estoppel is that a question once tried out should not be relitigated between the same parties or their privies (Hinchey v. Sellers, 7 N Y 2d 287). It is really the rule of res judicata applied" to criminal cases (see Abbate v. United States, 359 U. S. 187, 200, supra; Hoag v. New Jersey, 356 U. S. 464, 471). The difference is that res judicata applies to questions that were or might have been litigated; whereas collateral estoppel applies only to questions that were actually litigated (Restatement, Judgments, § 68), primarily because the ‘ causes of action ’ in different prosecutions are different.”
The court in People v. Cornier (42 Misc 2d 963), after quoting the language of Lo Cicero (17 A D 2d 31, supra) stated at page 967:
‘ ‘ To invoke the principle of collateral estoppel there must exist a final judgment rendered upon the merits by a court of competent jurisdiction (Israel v. Wood Dolson Co., 1 N Y 2d 116, 118) in a prior action between the parties, upon a matter within its jurisdiction, and directly determining a question or fact ‘ distinctly put in issue ’ and not merely collaterally in question.” (emphasis added).
Clearly, in order to invoke the doctrine of collateral estoppel a fact or issue involved in a prior trial between the parties must have been finally and clearly decided upon in the prior *537 trial. As the court in People v. Lo Cicero (17 A D 2d 31, supra) at pages 34-35 stated:
‘1 In order to apply the doctrine of collateral estoppel in this case, it must first he determined which issues were decided by the general verdict of acquittal in the Federal prosecution of the present defendant. * * * On the other hand, if it could not be definitely determined on what ground the acquittal was had in the Federal court, the doctrine of collateral estoppel is not applicable ”.
Although the prosecution was required under the statute to prove that the defendant recklessly caused serious physical injury to Ralph Cromar, the verdict of not guilty does not necessarily import a finding of fact that the defendant did not act recklessly. The jury may have been of the opinion that the defendant did act recklessly and still of the opinion that the prosecution had not established beyond a reasonable doubt that Ralph Cromar suffered serious physical injury, an essential element of its case. (People v. Rodgers, 184 App. Div. 461, affd. 226 N. Y. 671, supra.)
Indeed, if the defendant’s argument is valid, then the failure to establish recklessness by the defendant under the third count should have also resulted in a verdict of not guilty as to the fourth count — rather than a disagreement.
The trial record indicates that 14-month-old Lynn Cromar, the victim named in the fourth count, sustained injuries which confined her to a hospital for a period of six weeks. The degree of injuries suffered by both victims, Ralph Cromar and Lynn Cromar, was a question of fact for the jury’s determination. From the state of the evidence, the jury could have found that Ralph Cromar was not seriously injured and unable to agree on the seriousness of the injuries suffered by Lynn Cromar.
I find that the element of reckless conduct was not conclusively determined by the jury’s acquittal of the defendant of the third count of the indictment and the doctrine of collateral estoppel, therefore, does not apply as a bar to prosecution of the defendant under the fourth count of the indictment.
The motion is, therefore, denied.