Julius Helfand, J.
Defendant moves for twofold relief: (1) for the suppression of “ all conversations obtained by the Police Department, any district attorney’s office, their agents and/or employees of the district attorney and police department ” by the use of wire taps and electronic listening devices, and (2) for the suppression of two certain described revolvers. The motion is based upon the contention that the conversations and revolvers were illegally obtained.
It is both interesting and material to note the background of the case. Defendant was indicted by the Grand Jury of Kings County with one Grossman for the crimes of conspiracy as a felony to commit the crime of murder, violation of section 1897 of the Penal Law as a misdemeanor, criminally buying and receiving stolen property as a misdemeanor, and criminally concealing and withholding stolen property as a misdemeanor. In furtherance of said conspiracy, it is charged, among other overt acts, that defendant Grossman, a member of the New York City Police Department, received two .38 colt revolvers from Scandifia for the purpose of supplying ammunition therefor and did conceal and secrete the revolvers in the trunk of his automobile, these being the same weapons which were to be used by the latter and others in the commission of various crimes including murder.
Heretofore and during the course of a hearing on a motion made on behalf of defendant Grossman to suppress the revolvers, it was disclosed that, pursuant to an order made by a Justice of this court (Code Grim. Pro., § 813-a), an electronic device had been attached to the interior of premises belonging to the defendant Scandifia. In defendant Scandifia’s moving papers it is now contended that it was from the information procured by the public authorities through the medium of the electronic device thus attached that the whereabouts of the revolvers was ascertained. The fact is that these revolvers were found in the defendant Grossman’s automobile during the course of a search executed by the police pursuant to a search warrant issued by a Justice of this court. The validity of the search warrant and of the affidavit upon which it was based and of the search made pursuant to the warrant was, on *322 November 19, 1963, sustained by this court in a proceeding brought by defendant Grossman to vacate the search warrant and to suppress the revolvers. In other words, on this aspect of the present motion, the principle of res judicata operates adversely to the defendant Scandifia.
Defendant Scandifia, however, goes further. He asserts that, inasmuch as the search warrant was implemented by an act — the attachment of the electronic device within his premises without his knowledge and consent — this constituted an intrusion into his premises in violation of the Fourth Amendment to the Federal Constitution. Stated in another form, the contention is that no court order can permit an act which is in itself in contravention of the Fourth Amendment and that the Legislature of the State of New York cannot empower by statute (Code Crim. Pro., § 813-a) the issuance of such an order. This is to say, that section 813-a is itself repugnant to the Fourth Amendment.
This court is not minded to make a decision in conformity with defendant Scandifia’s argument and issues. On the Grossman hearing to suppress, heretofore referred to, it became apparent that the evidence procured during the search of Grossman’s automobile is crucial to the presentation of the People’s case. It may well be that the same may be said of the conversations overheard through the medium of the electronic device installed in defendant Scandifia’s premises. If the motion were granted, the People would to all intents and purposes be precluded from a proper presentation of the charges contained in the indictment. In this court’s opinion the Court of Appeals has discountenanced such action by it by its ruling in People v. Reed (276 N. Y. 5, 9). The instant case seems to this court to be pre-eminently one in which the People are entitled to the benefit of the doubt on a question of law, and particularly of constitutional law.
The motion is therefore denied in both its aspects.