Oscar Murov, J.
Defendant is charged with resisting a public officer in the discharge of his duty, in violation of section 1851 of the Penal Law.
Defendant was also charged with an assault on the same officer, growing out of the resisting arrest, but was acquitted of the crime of assault in the third degree after trial by jury.
On this motion, defendant seeks permission to interpose the additional defense of prior acquittal and double jeopardy, on the ground that the trial of the charge of resisting arrest will of necessity involve a retrial of the issues in the assault charge of which defendant has already been acquitted.
The People contend that defendant’s position is without merit and that the two crimes are separate and distinct.
The People cite in support, People v. McNeil (21 A D 2d 1); People v. Cherry (307 N. Y. 308) and People v. Dreares (15 A D 2d 204, affd. 11 N Y 2d 906).
The McNeil case did not involve the defense of double jeopardy or prior acquittal. In that case, defendant contended that his prior acquittal of both jaywalking and disorderly conduct for which he was arrested established the arrest to have been unlawful, and he was therefore entitled to resist such an arrest with reasonable force. In other words, the defense was not double jeopardy, but rather, that the defendant had the right to resist an unlawful arrest by use of force, pursuant to subdivision 3 of section 246 of the Penal Law.
Similarly, the defense interposed in the Cherry case did not rest upon double jeopardy or prior acquittal, it involved defendant’s right to resist an illegal arrest.
In the Dreares case, as in the McNeil case, the prior acquittal of the defendant of the underlying charges for which he was arrested was held by the court to establish the arrest to have been unlawful, and therefore entitling defendant to resist such an arrest with reasonable force. Here, again, the defense was not double jeopardy, or a prior acquittal barring a second prosecution.
In the instant case, the charge of assault in the third degree, was not the underlying charge for which defendant was arrested and which arrest defendant allegedly resisted. The assault on the police officer of which defendant was acquitted, emanated from the alleged resistance to the arrest.
The cases cited by the People are therefore not relevant to *554 this application by the defendant for permission to interpose the additional defense of prior acquittal and double jeopardy.
One of the three pleas authorized by section 332 of the Code of Criminal Procedure is “ A plea of a former judgment of conviction or acquittal of the crime charged which may be pleaded either with or without the plea of not guilty.”
Section 332 of the code is made applicable in all Courts of Special Sessions by section 62 of the code.
An application for leave to interpose the plea of being twice put in jeopardy may be made at trial. A defendant is not limited to making his plea of former conviction or acquittal at the time of arraignment. (People v. Smith, 172 N. Y. 210; People v. Wendel, 112 N. Y. S. 837.)
Section 9 of the Code of Criminal Procedure provides: ‘ ‘ No person can be subjected to a second prosecution for a crime for which he has once been prosecuted, and duly convicted or acquitted.”
Section 6 of article I of the New York' State Constitution provides:1 ‘ No person shall be subject to be twice put in jeopardy for the same offense ”.
As stated in Paperno and Goldstein’s Criminal Procedure in New York, 1960 publication, at section 242: “ Both in the area of double jeopardy, and in the related one of determining whether there has been a former conviction or acquittal of the same offense, the question of what constitutes the same offense arises * * * The tests to be applied in determining whether offenses are identical have been stated to be: ‘ (a) whether the offenses are the same in fact and in law, (b) whether they are of the same legal character, (c) whether the same evidence will support both charges. ’ (People v. Spitzer, 148 Misc. 97, 266 N. Y. S. 522.) ”
In People v. Bevins (74 Misc. 377, 380 County Ct., 1911) the court pointed out: “ It is laid down as a principle well established that, unless the first indictment was such as the prisoner might have been convicted upon by proof of the facts contained in the second indictment, an acquittal on the first indictment can be no bar to the second.”
In that case it was held that a prior prosecution for public intoxication did not bar a later prosecution for disorderly conduct, based upon some of the same actions, for one can be drunk without being disorderly and, therefore, different facts would have to be proved at the second trial, and that although the crimes may be closely related on the facts, they are separate and distinct as a matter of law.
*555 In People v. Fennell (10 A D 2d 78 [1st Dept., 1960]) defendant appealed from a judgment of the Court of Special Sessions convicting him of the crime of assault, third degree. He urged on the appeal that the conviction is barred upon the ground of former jeopardy.
In that case, as a result of an altercation with a railway policeman, defendant was separately charged with disorderly conduct and with assault. After trial defendant was acquitted of the disorderly conduct charge. The minutes of the trial on the disorderly conduct charge revealed that the Magistrate refused to take proof concerning the alleged assault.
Justice Frank held that defendant had not been placed twice in jeopardy stating as follows (p. 79): “ While a defendant may not be placed in jeopardy twice for the same offense (People v. Silverman, 281 N. Y. 457), it does not follow that a person may not be convicted of several crimes arising out of the same incident. If the crimes are separate and distinct as a matter of law, a defendant may be convicted of each, although the facts may be closely related.”
The court went on to distinguish the case of People ex rel. Ticineto v. Brewster (241 App. Div. 467), relied upon by the appellant, stating (p. 80): “ There, the relator had been charged with two distinct offenses, disorderly conduct and assault. However, since both required proof of identical acts, this court properly held that the defendant was placed in jeopardy. That is not the situation in the case before us. The offense of which defendant was acquitted in the Magistrate’s Court was different from the crime charged in the information. The Magistrate refused to receive or consider evidence concerning the assault, and the complaint did not allege any facts necessary to sustain such a charge. Conversely, the information filed in the Court of Special Sessions alleges only an assault. Each charge required different facts to be proved, although both arose from a single event. It follows that the two offenses were not the same in fact and law. (People ex rel. Kwiatkowski v. Trenkle, 169 Misc. 687.) ”
With further reference to People ex rel. Ticineto v. Brewster distinguished by Justice Frank in People v. Fennell, the disorderly conduct charge consisted of the assault, therefore, the proof of facts necessary to sustain both charges were identical, thus an acquittal of the disorderly conduct charge barred prosecution of the assault charge on the ground that defendant would be subjected to double jeopardy.
In People v. Barrow (42 Misc 2d 888, 891-892 [Sup. Ct., 1964]) Justice Irwin Shapiro discussed the question of double jeopardy *556 as it relates to identity of offenses, at length. The court quoted as follows: “ A conviction or acquittal upon one indictment is no bar to a subsequent conviction * * * upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other. The test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense. A single act may be an offense against two statutes; and if such statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other. (Morey v. Commonwealth, 108 Mass. 433, 434 quoted in People v. Skarczewski, 178 Misc. 160,163, affd. 287 N. Y. 826, supra; italics added.) ”
In addition to the question of double jeopardy, rules of res judicata apply to criminal cases the same as civil cases, and if one essential point has been finally adjudicated in one trial in favor of the defendant, the question is adjudicated and determined as to all proceedings between the parties. (People v. Cornier, 42 Misc 2d 963 [Sup. Ct., 1964].)
There can be no question but that the principle of 11 collateral estoppel ”, which is a concept of res judicata, has been accepted by our courts in both criminal and civil cases. (People v. Roderman, 34 Misc 2d 497; People v. Rodgers, 184 App. Div. 461, affd. 226 N. Y. 671; People v. De Sisto, 27 Misc 2d 217; People v. Lo Cicero, 17 A D 2d 31.)
To invoke the principle of collateral estoppel there must exist a final judgment rendered upon the merits by a court of competent jurisdiction in a prior action between the parties, upon a matter within its jurisdiction, and directly determining a question or fact “ distinctly put in issue ” and not merely collaterally in question. (Israel v. Wood Poison Co., 1 N Y 2d 116, 118.)
However, it must be borne in mind that although a judgment in a former criminal prosecution may be res judicata with respect to specific facts or issues determined therein,, it will not bar a subsequent prosecution unless the facts or issues so determined are necessarily decisive in the second prosecution and a conviction could not possibly be had therein without contradicting the former determination of such facts or issues. (People v. Cornier, supra.)
In the ease at bar, although the facts may be closely related, the crimes of resisting arrest and assault in the third degree are separate and distinct as a matter of law. A single act may constitute an offense against two statutes, and if each statute requires proof of an additional fact which the other does not, *557 acquittal or conviction under either statute does not exempt defendant from prosecution and punishment under the other. The proof of facts necessary to sustain a charge of assault in the third degree and a charge of resisting arrest are not identical. Therefore, the two crimes are different and separate as a matter of fact and law and a plea of double jeopardy or prior acquittal of the crime charged is without merit.
However, the judgment in the former prosecution for assault third may be res judicata with respect to specific facts or issues determined therein, which may be decisive in this prosecution for resisting arrest. Therefore, defendant’s motion is denied without prejudice to raising the objection of res judicata or collateral estoppel, if applicable, by appropriate motion, at time of trial.