Robert W. Cacace, J.
This is a motion to suppress, based on the ground that a search warrant was illegally obtained, for the reason that the issuance of the warrant was based upon information obtained by the police as a result of a court-ordered tap on defendant’s telephone. The gravamen of the motion is that by virtue of section 605 of the Federal Communications Act of 1934 (U. S. Code, tit. 47, § 605) it is a violation of Federal law to intercept a telephone communication, whether that interception is sanctioned by the Legislature and the courts of a State or not. Section 605 was enacted in 1934, and the pertinent parts read as follows: “No person not being authorized by the sender shall intercept any communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person ”.
The Supreme Court in Nardone v. United States (302 U. S. 379) determined that section 605 barred the use of information obtained by a wiretap in the Federal courts, and in a further decision the Supreme Court held that evidence obtained via wiretap was inadmissible in a Federal proceeding, even though the evidence was obtained by State officers under a warrant issued by virtue of a State wiretap statute (Code Crim. Pro., § 813-a), and without the knowledge or acquiescence of Federal authorities (Benanti v. United States, 355 U. S. 96). Subsequent to the Benanti case (supra), the Supreme Court held that any evidence obtained by State officers during a search would, if done in such a manner as to violate the defendant’s immunity from unreasonable search and seizure under the Fourth Amendment, be inadmissible in a Federal proceeding, irrespective of scienter on the part of the Federal authorities (Elkins v. United States, 364 U. S. 206, decided June 27,1960).
*547 The right to use evidence obtained in violation of section 605 of title 47 of the United States Code, in State courts, however, remained inviolate as a result of a 1952 decision of the Supreme Court, which held that section 605 did not apply to the use of information obtained as a result of eavesdropping, in State court proceedings (Schwartz v. Texas, 344 U. S. 199).
The State of New York had, since 1942, allowed wiretapping as a means of obtaining evidence by virtue of section 813-a of the Code of Criminal Procedure. On June 12, 1967, section 813-a of the Code of Criminal Procedure was declared to be in violation of the Federal Constitution (Berger v. New York, 388 U. S. 41), and the statute was subsequently repealed.
The question of interception of telephone communications was again presented to the Supreme Court in 1968 in the matter of Lee v. Florida (392 U. S. 378). In that case, a telephone tap was made on a party line connected to defendant’s telephone. The tap was directly into the line on the other party’s phone, so that defendant’s conversations could be overheard without lifting the neighbor’s receiver. The State of Florida had no legislation prohibiting wiretapping and the use of the fruits of any tap in court. Information obtained as a result of the tap was used to convict defendant in a Florida court. The Supreme Court specifically reversed its decision in Schwartz v. Texas (supra) and strongly indicated that all wiretaps were in violation of section 605 of title 47, of the United States Code and, therefore, inadmissible in any State proceeding, whether the State had allowed a judicially sanctioned wiretap or not.
On page 380, the court in response to the argument that there were no Federal or State statutes applicable in Florida stated: “ We disagree. There clearly is [emphasis by court] a federal statute, applicable in Florida and every other State, that made illegal the conduct of the Orlando authorities in this case. And that statute, we hold today, also made the recordings of the petitioners’ telephone conversations inadmissible as evidence in the Florida court. ’ ’
In note 9 on page 385 of the same decision, the court, referring to section 813-a of the Code of Criminal Procedure, re-enforces with approbation the decision of Judge Hofstadter, made in 1958, in Matter of Interception of Tel. Communications (9 Misc 2d 121) by saying: “ [I]t cannot be lawful to authorize what is an illegal act * * * [I]f the police officer violates the Federal statute by tapping wires notwithstanding a warrant issued out of this court pursuant to New York law — if that act be illegal— those who set the action in motion have condoned if not *548 instigated illegality.” Again in the same note, the court adopts the language of Judge Waterman in Pugach v. Dollinger (277 F. 2d, 739, affd. Per Curiam 365 U. S. 458) wherein the Federal court refused to enjoin a New York State District Attorney from tapping in futuro, by stating (p. 745): “It is therefore presumptions to assume that any New York State trial judge will acquiesce to the commission of a crime against the United States in his presence in his courtroom by a witness testifying under oath.”
On pages 385 to 386 of the Lee decision (392 U. S., supra) it is clearly stated that all courts and all Judges in the United States are bound to honor all Federal statutes in general and section 605, in particular, with the following language: 11 Under our Constitution no court, state or federal, may serve as an accomplice in the willful transgression of 1 the laws of the United States ’, laws by which ‘ the Judges in every State [are] bound ’.”
The finality of the Supreme Court’s decision in Lee v. Florida (supra) was recognized by the Congress of the United States which amended section 605 of title 47, and enacted chapter 119 of title 18 of the United States Code, two days after the Lee decision. Section 605 of title 47 was amended to read as follows: ‘ ‘ Except as authorized by chapter 119, Title 18 * * * No person not being authorized by the sender shall intercept * * * and divulge or publish ”.
Chapter 119, of title 18, of the United States Code authorizes telephonic taps under certain circumstances for certain purposes, among which is the interception of evidence of gambling (§ 2516, subd. [1], par. [e]) and gives to the States the power to enact legislation in regard to wiretapping (§ 2516, subd. [2]).
New York State, subsequently, and based upon the aforesaid Federal statutes, enacted a new set of eavesdropping statutes (Code Grim. Pro., part VI, tits. II-D, III) the application of which is not at issue in this proceeding.
No issue is raised by the defendant as to the validity of the tap order in the instant case, but rather the defendant by its challenge presupposes the existence of a valid warrant and a proper execution of that warrant under the then existing section 813-a of the Code of Criminal Procedure and the implication of the validity of that code as expressed in Schwartz v. Texas (344 U. S. 199, supra). The thrust of the defendant’s motion is that, by virtue of Lee v. Florida (392 U. S. 378, supra), the evidence obtained by this otherwise “ legal order ” must be suppressed. Although the doctrine of the Lee case is not retroactive and could not help the defendant if the trial had been held prior to *549 its publication, the doctrine is prospective, and where, as in the instant matter, the trial has not yet been held, evidence obtained by wiretap under the then extant section 813-a of the Code of Criminal Procedure will not be admissible (Fuller v. Alaska, 393 U. S. 80, rehearing den. 393 U. S. 992). Accordingly, the motion of defendant to suppress all evidence obtained by this wiretap is granted.