Per Curiam.

In our opinion, defendant’s operation of its showroom on Sunday comes within the condemnation of section 5 of the General Business Law. This statute prohibits all labor on Sunday, excepting the works of necessity and charity, whether or not such labor may “ disturb Sunday’s rest or repose or religious liberty ” (People v. Kupprat, 6 N Y 2d 88, 90, citing, e. g., People v. East Coast Attic & Basement Co., 4 N Y 2d 954, affg. 10 Misc 2d 378, and other authorities).
The defense of collateral estoppel appears to be without merit. Significantly, defendant’s counsel conceded at the trial that its employee had performed acts constituting labor on the Sundays when the claimed violations occurred. Dismissal of the complaints was sought below upon the ground that there was no serious interruption of the repose and religious liberty of the community and by reason of prior adjudications of acquittal on July 5, 1966, July 20, 1968 and December 10, 1969, allegedly on the same facts and concerning the same parties and premises.
The first case, which is reported in People v. Kahl (46 Misc 2d 1088) was a prosecution against the sales employee of another corporation engaged in an entirely different business from that of the defendant herein. The only element in common is that the same physical premises and showroom are involved, albeit for different businesses. In view of the dissimilarities noted, we fail to see any basis for invoking collateral estoppel.
As to the second acquittal, it appears that the present corporate defendant went into possession of the premises in 1967 and was prosecuted the following year for a violation of section 8 of the General Business Law, which prohibits ‘ ‘ all trades ’ ’ on Sunday, as distinguished from the proscription against ‘ ‘ all labor ’ ’ under section 5 of the same statute. It also appears that the 1968 case was tried on stipulated facts and resulted in a specific finding by the trial court (per Samehga, J.) that the activities of the defendant did not constitute a ‘1 trade ’ ’ and ‘ ‘ do not interfere with the repose and religious liberty of the community.”
The 1969 prosecution was for violations of section 5 (prohibiting labor) and section 9 (prohibiting selling or offering for sale on Sunday) of the General Business Law. The record indi *409 cates that on December 10, 1969, the court (per Samenga, J.) granted an unopposed motion to dismiss upon the ground of res judicata.
It seems clear from the foregoing that the sole predicate for the second acquittal was an erroneous legal conclusion that the statutory prohibition against “ all trades ” on Sunday was not violated absent a factual showing of “ serious interruption of the repose and religious liberty of the community.” The third disposition, as noted, was on the law. Apart from the obvious inapplicability of section 8 to the third case or to the situation at bar, the rule of collateral estoppel does not apply to pure questions of law (Yates v. United States, 354 U. S. 298, 336; United States v. Moser, 266 U. S. 236, 242; People v. De Sisto, 27 Misc 2d 217, 243). Both for reasons of public policy and as a matter of law, we conclude that the defense of collateral estoppel is not available in this case.
Although the Sabbath laws, which now permit various activities on Sunday, may well merit a reappraisal in light of present day realities, we are nevertheless constrained to affirm, since this is a matter for the Legislature and not for the courts (People v. Friedman, 302 N. Y. 75, app. dsmd. 341 U. S. 907).
The judgment of conviction should he affirmed.