Rockwell D. Colaneri, J.
Defendant moves to reargue the denial of his motion to suppress up on-the ground that another Judge of this court had determined on .¡the same facts in another case that probable cause did not exist for the making of an arrest or a search.
At the outset, defendant’s reliance on People v. Anonymous A (56 Misc 2d 1022, 1028) is misplaced. "While it is true “ that a motor vehicle stopped for a violation under the Vehicle and Traffic Law cannot be searched as there are no fruits of a traffic violation which would justify a search ’ ’, the court did state ‘ ‘ had it -appeared that the car was in fact stolen, or had the police observed therein any weapons or contraband in open view, probable cause existing for an arrest for those crimes, an incidental search contemporaneous with such arrest would have been justified (People v. Russo, 38 Misc 2d 957 [loaded sawed-off shotgun] ; People v. Isaac, 38 Misc 2d 1018 [marijuana].) ” (Emphasis added.) Defendant herein, is charged with a violation of section 220.05 of the Penal Law (possession of marijuana). In short, the observance of contraband in open view in a vehicle stopped for a traffic violation does not constitute a “search” nor can it be considered unreasonable. (People v. Hoffman, 24 A D 2d 497 ; People v. Goldstein, 60 Misc 2d 745 ; People v. Boyd, 57 Misc 2d 769.) Several factors are necessary for consideration before the motion to reargue is decided.
The doctrine of the law of the case applies to a prior interlocutory ruling which remains unchallenged and is thus controlling for the remainder of ¡the case. (Mount Sinai Hosp. v. Davis, 8 A D 2d 361 ; Pugatch v. David’s Jewelers, 53 Misc 2d 327.) This doctrine is not applicable to the present situation because while there is the same set of facts, there are separate informations and prosecutions against two different defendants.
Collateral estoppel in criminal cases is embodied in the Fifth Amendment’s guaranty against double jeopardy and is enforceable against the States through the Fourteenth Amendment’s *947 due process clause (Ashe v. Swenson, 397 U. S. 436). The doctrine of collateral estoppel is that “ when an issue of ultimate fact has once been determined by a valid and final judgment, that issue -cannot again be litigated between the same parties in any future lawsuit ” (Ashe v. Swenson, supra, p. 443).
Collateral estoppel has been held to apply to questions of fact and to mixed questions of law and fact (People v. Minton, 54 Misc 2d 552 (Murov, J.] ; People v. Lo Cicero, 27 Misc 2d 217, revd. on other grounds 17 A D 2d 31, mod. 14 N Y 2d 374) but not to questions of law (People v. Federal Bldrs. & Home Modernization Corp., 65 Misc 2d 407).
A fact that is necessarily decisive in this prosecution and which could not possibly be determined without contradicting the former determination of such fact, is binding in this prosecution. (People v. Minton, supra ; People v. Cunningham, 62 Misc 2d 515.)
However, the defendants are not the same and, therefore, there is not the “ same parties ” or an 11 identity of parties ” (Ashe v. Swenson, supra, p. 443 ; People v. Lo Cicero, supra, p. 239). People v. Scandifia (41 Misc 2d 320) did hold that the validity of ithe search warrant having been sustained as to a codefendant and upon the same motion by defendant, 1 ‘ the principle of res judicata operates adversely to the defendant (People v. Scandifia, supra, p. 322.)
The court is mindful that criminal verdicts as between two or more defendants tried together need not demonstrate rational consistency (People v. Hovnanian, 16 A D 2d 818 ; cf. People v. Munroe, 190 N. Y. 435) nor do verdicts in a multi-count indictment require consistency (People v. Hollenbeck, 9 A D 2d 983). Courts have considered the facts and circumstances of the case and have explained away or reconciled the inconsistencies on any rational basis. (People v. Sheppa, 295 N. Y. 359 ; People v. Haupt, 247 N. Y. 369 ; People v. Hovnanian, supra ; People v. Hollenbeck, supra.) It is sometimes stated that the “ jury failed to do their duty ” (People v. Cohen, 223 N. Y. 406, 429) or the “ jury in consideration of this evidence # * must have violated their oaths ” (People v. Munroe, supra, p. 438) or that the jury may have mercy (People v. Cohen, supra, p 430) in either upholding the inconsistency of verdicts or in reversing inconsistent verdicts.
Furthermore, other States have held that a judgment of acquittal or conviction does not operate as res judicata in the prosecution of another defendant, even though the ‘ ‘ same transaction ” is involved (9 ALR 3rd 203, sec. 3[c]) (note the section *948 does not -state “ same evidence”; see, also, Justice Harlan’s concurrence in Ashe v. Swenson, supra, p. 448).
Notwithstanding the above, the rule of collateral estoppel has reached a point where ‘ ‘ one who has had his day in court should not be permitted to litigate the question anew” (Schwartz v. Public Administrator, 24 N Y 2d 65, 70 ; Israel v. Wood Dolson Co., 1 N Y 2d 116,119 ; Good Health Dairy Prods. Corp. v. Emery, 275 N. Y. 14, 18 ; see, also, Judge Glickman’s dissent in People v. Federal Bldrs. & Home Modernization Corp., supra, p. 409 where he stated that ‘ ‘ the important factor is the ‘ identity of issues ’ ”). Furthermore, recent cases have taken the position that a specific fact or issue determined in a previous action is binding in a subsequent prosecution (People v. Minton, supra ; People v. Cornier 42 Misc 2d 963).
The People have had an opportunity in the prior hearing to fully establish probable cause for the arrest and subsequent search. The Judge did not believe the police officer was sufficiently qualified in training and experience to recognize dangerous drugs in-open view and granted the motion to suppress. It is a valid and final judgment as the People have not appealed it (Code Crim. Pro., § 518) and their time to do so has expired. The People at this hearing have not introduced any additional facts to establish probable cause for the arrest and search. The rule of collateral estoppel will bind the People when the fact or issue determined in one criminal case is presented in another by use of the same evidence. The court is constrained to follow my brother Judge’s decision that probable cause was lacking to make the arrest and search since no additional evidence was introduced, and therefore, I too, will grant the motion to suppress.