Bruce Gf. Dean, J.
The People have served an amended bill of particulars on defendant, Robert Simmons, setting forth additional items of evidence, including plaid stamps and other proof, allegedly seized by police authorities on a prior search and seizure in Kings C'ounty, New York. It has been stipulated by the District Attorney’s office that these items in the amended bill of particulars are the same items of evidence which were seized by the police on the prior search and seizure in Kings County, New York.
Defendant Robert Simmons is the only defendant now before this court under Indictment No. 1060-70 which accuses him of the crimes of robbery in the first degree and grand larceny in the first degree — allegedly committed by him on July 22, 1967, during robbery at an A&P Super Market in Yonkers, New York.
Said defendant has moved to suppress this evidence on the ground that as a result of a prior suppression hearing in Kings County, in which defendant, Robert Simmons was a party, a suppression order was made directing the suppression of the items of evidence as are now enumerated in the People’s amended bill of particulars.
The report of the suppression hearing in the New York Law Journal supports the contention of defendant, Simmons. It apparently is not claimed by the People that any appeal was taken from the order of suppression. No decision on any such reversal is before this court, and the order of suppression appears to be in full force and effect at this time.
*539 Defendant has moved for suppression of this evidence alleging all possible grounds — res judicata, law of the case, collateral estoppel (and probably Chimel v. California, 395 U. S. 752) by reason of the order of suppression in Kings 'County in People of the State of New York against Robert Simmons et al.
The District Attorney’s office (James Downes, Esq., Assistant District Attorney, Westchester County) argues that the court is not bound by the previous order of suppression in that the court there relied on Chimel v. California (supra) which was decided on June 23, 1969, and subsequent to the alleged crimes. It is apparently conceded that the search and seizure, held to be an illegal search and seizure under the criminal procedure standards enunciated in the Chimel case, was an illegal search and seizure as far as present standards are concerned. However, it is argued by the District Attorney that the search was proper under the standards existing at the time of the seizure of the evidence now before this court; that the court in Kings County in giving retroactive effect to the decision in the Chimel case, was in error and that this court is not bound by said decision on this trial. (See United States v. Bennett, 415 F. 2d 1113; Stovall v. Denno, 388 U. S. 293, 297.)
The motion of defendant, Robert Simmons, is granted and the items set forth in People’s amended bill of particulars, as evidence in the casé at bar, are ordered suppressed in all respects. Submit order on the record.
In arriving at this decision the court relies in part on the principle that when a prior adjudication becomes controlling in a court of co-ordinate jurisdiction, it remains controlling in that court, and if no appeal is taken, it is conclusive as the law of the case. With no appeal, the prior order of suppression constitutes a final adjudication in favor of defendant, Robert Simmons. (People v. Minton, 54 Misc 2d 552, 556; Gebbie Foundation v. Rogerson, 62 Misc 2d 944, 948; Deeves v. Fabric Fire Hose Co., 19 A D 2d 735.)
Furthermore, the People’s argument on retroactive effect of the Chimel case by the court in the prior suppression hearing, fails to recognize that as far as we are concerned here, we are giving prospective effect to the illegality of the prior search and seizure under the criminal procedural standards established in the Chimel case. Prospective effect relates to the time of the trial. See People v. Basciano (62 Misc 2d 546, 548-549) where the court said: “ No issue is raised by the defendant as to the validity of the tap order in the instant case, but rather the defendant by its challenge presupposes the existence of a valid warrant and a proper execution of that warrant under the then *540 existing section 813-a of the Code of Criminal Procedure and the implication of the validity of that code as expressed in Schwartz v. Texas (344 U. S. 199, supra). The thrust of the defendant’s motion is that, by virtue of Lee v. Florida (392 U. S. 378, supra) the evidence obtained by this otherwise ‘ legal order ’ must be .suppressed. Although the doctrine of the Lee case is not retroactive and could not help the defendant if the trial had been held prior to its publication, the doctrine is prospective, and where, as in the instant matter, the trial has not yet been held, evidence obtained by wiretap under the then extant section 813-a of the Code of Criminal Procedure will not be admissible (Fuller v. Alaska, 393 U. S. 80, rehearing den. 393 U. S. 992). Accordingly, the motion of defendant to suppress all evidence obtained by this wiretap is granted. ’ ’
See, also, People v. Ñotrica (66 Misc 2d 945) where a motion to suppress was granted under collateral estoppel, on the ground that the facts in both cases were similar although the prior case involved a different defendant. The case at bar would be an a fortiori case where we have an identity of parties as well as the actual issue, which basically makes it unnecessary to rely on collateral estoppel. Whether we label it collateral estoppel, res judicata or law of the case, the evidence in the amended bill of particulars is “fruit” of the prior illegal search. (Wong Sun v. United States, 371 U. S. 471.) Defendant Robert Simmons certainly has “ standing ”.
In view of the foregoing, this court does not pass on the issue relating to timely service of the amended bill of particulars, except to state that defendant is not precluded from moving on the day of trial to suppress such evidence under the 'Code of Criminal Procedure or the Criminal Procedure Law.