■ In the Matter of LOUIS McGRATH et al., Petitioners, v. EUGENE GOLD, as District Attorney of Kings County, et al., Respondents.— Proceeding pursuant to article 78 of the CPLR to prohibit respondents from further prosecuting petitioners under two indictments (Nos. 6334/1972 and 6652/1973). Proceeding dismissed, without costs. Martuscello, Latham, Cohalan and Benjamin, JJ., concur; Gulotta, P. J., dissents and votes to grant the application, with the following memorandum: In this article 78 proceeding in the nature of prohibition, petitioners seek to prevent respondents, Justices of the Supreme Court and the District Attorney of Kings County, from prosecuting them under two indictments. The authorities suspected petitioner McGrath of being involved in an auto theft ring and, in furtherance of their investigation, obtained an eavesdropping order permitting them to intercept telephone communications. A search warrant was obtained upon the information gathered and, upon execution thereof, petitioners and others were arrested and contraband seized. Based upon this evidence, petitioners were indicted in Queens County and Kings County. An analysis of the respective indictments reveals an identity of the various crimes charged and this identity is conceded by respondents. The crimes involved are the same and the evidence in each prosecution is the same. Petitioner McGrath moved in Queens County to controvert the eavesdropping order and, after a hearing, the motion was granted " to the extent that the tapes and any evidence obtained as a result therefrom are suppressed " (order dated Jan. 31, 1973, Farrell, J.). On a further motion, Mr. Justice Farrell controverted the search warrant and, excising from the Grand Jury minutes the evidence illegally seized, concluded that the remaining evidence was legally insufficient and dismissed the indictment. The People took no appeal from the order of dismissal. Petitioners thereupon moved in Kings County for inspection of the Grand Jury minutes and dismissal of the indictment on a theory of *res judicata* or collateral estoppel. The motion was denied and this proceeding followed. The People do not claim to be possessed of any evidence other than that suppressed by the Queens County order. Collateral estoppel has been defined as follows: " When an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit " (*Ashe* v. *Swenson,* 397 U. S. 436, 443). The rule is applicable to criminal proceedings and in such cases it " is not to be applied with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality " (*Ashe* v. *Swenson, supra,* p. 444; for a general discussion of collateral estoppel see *People* v. *De Sisto and Lo Cicero,* 27 Misc 2d 217, revd.

on other grounds 17 A D 2d 31, mod. 14 N Y 2d 374; *People* v. *Cunningham*, 62 Misc 2d 515). Respondents argue that collateral estoppel does not apply since the orders of suppression and dismissal did not constitute a final judgment and involved only a question of law. I disagree and find that under the facts of this case, petitioners have satisfied the requirements of the doctrine. The finality of the dismissal order, from which no appeal was taken, cannot be denied. The evidence was suppressed and the Queens County indictment was dismissed, preventing prosecution. Any doubt as to the finality of an order being within the rule of collateral estoppel was recently laid to rest when the Court of Appeals, in *Vavolizza* v. *Krieger* (33 N Y 2d 351, 356) stated: "There is, moreover, cogent precedent for the proposition that an order made upon a motion provides such a 'judgment' as will bar relitigation under the doctrines of *res judicata* or collateral estoppel so long as the requisites of identity of issue and opportunity to contest are present." Respondents correctly argue that collateral estoppel does not apply to a prior determination involving solely a question of law (*United States* v. *Moser*, 266 U. S. 236, 242). The rule does, however, apply to a determination involving a mixed question of law and fact (*Yates* v. *United States*, 354 U. S. 298, 336; *People* v. *De Sisto* and *Lo Cicero*, 27 Misc 2d 217, 241, *supra*) and such is the case herein. Mr. Justice Farrell necessarily made factual determinations in considering the legality of the warrant and seizure. The remaining requirement for the doctrine is the identity of the parties and it is my conclusion that the prosecuting party is the People of the State of New York. The fact that the names of the District Attorney and the counties are different is insufficient to avoid the rule (cf. *Israel* v. *Wood Dolson Co.*, 1 N Y 2d 116, 119; *Schwartz* v. *Public Administrator of County of Bronx*, 24 N Y 2d 65, 70). The theory behind the doctrine is to prevent the relitigation of questions already determined by a court (*Good Health Dairy Prods. Corp.* v. *Emery*, 275 N. Y. 14, 18). To permit the People of the State of New York, in the form of the District Attorney of Kings County, to relitigate the same matters determined while the prosecution was being handled by the District Attorney of Queens County, would be applying the doctrine of collateral estoppel in a "hypertechnical and archaic" manner, ignoring "realism and rationality" in contravention of the dictates of the Supreme Court (*Ashe* v. *Swenson*, 397 U. S. 436, 444, *supra*). Under facts similar to the instant case, the County Court in Westchester County has suppressed evidence previously suppressed in King's County (*People* v. *Blount*, 68 Misc 2d 538). Accordingly, I would grant the application.